U.S. Dist. Court
Dist of Conn

Jose Jusino
(Plaintiff
  v.
Kristine Barone
Defendant

3:22 cv 490 (SALM)

March 7, 2022

## Complaint

This is an action filed pursuant to 42 U.S.C. §§ 1983 in good faith, as well as in the best interest of justice by Plaintiff, a state prisoner alleging violation of his constitutional right under the First Amendment, Fourteenth Amendment, and Deliberance Indifference to his mental health.

## Parties

1. Plaintiff Jose A. Jusino at all relevant times was an inmate confined to the C.D.O.C.

2. Defendant Kristine Barone ("Barone") at all relevant times was the Warden of the MacDougall-Walker Institution. At all relevant times was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

## Exhaustion of Administrative Remedies

3. Plaintiff has exhausted his administrative remedies.

## Jury Trial Demanded

## Jurisdiction

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) because this action arises under the Constitution and law of the U.S. and because this action also seeks to redress the deprivation of constitutional right under color of law.

2

## FACTS

5. The Plaintiff has been diagnosed with multiple psychological disorders/conditions which compromise his mental health, but not limited to various neurocognitive disorder/abnormal brain development.

6. The Plaintiff was housed from 2007 threw 2020 in restrictive housing (solitary confinement).

7. The Plaintiff was housed in General population without knowing the facility/General population norm/procedures.

8. The Plaintiff received assistance from the supervising psychologist Dr. Santasiero, the Deputy Warden Ogando, the Unit manager Capt. Walsh, Counselor Maiorana to obtain a job assignment in the Gymnasium for Plaintiff mental health treatment plan which was approved from the Gymnasium supervisor Rudy Alvarez.

3

9. Plaintiff was verbally inform that Barone denied the opportunity for the job assignment in the gymnasium.

10. Barone has nothing to do with job assignments. So when Plaintiff spoke to Barone about the abuse of her authority, Barone inform Plaintiff that her decision was based on Plaintiff declaration in the Reynolds v. Quiros case which Plaintiff declaration was against her.

11. Plaintiff submitted the administrative remedies against Barone for retaliation, Barone rejected Plaintiff grievance and denied the Plaintiff the opportunity to appeal her decision.

12. D.O.C. administrative directives/policy states that "No employee who is the subject of an investigation shall investigate or participate in the resolution of an administrative remedy related to that investigation."

4

13. Barone was provided with plaintiff mental health treatment plan and inform several times before her decision to denied the job assignment of the gymnasium that the purpose of the job was plaintiff mental health needs.

## LEGAL Claims

14. Barone abused her authority to deny and interfere with plaintiff prospecting job assignment in the facility gymnasium for which he had been previously approved, in retaliation for plaintiff having instituted litigation against her.

15. Barone abused her authority by retaliating against plaintiff because he had assisted others in litigation against her, by rejecting plaintiff attempt to avail himself of administrative remedies, denying him the opportunity to appeal the rejection of his effort to obtain administrative remedies and by disregarding C.D.O.C. policys and participate in the administrative remedy related to her.

16. Barone was deliberate indifference to Plaintiff mental health when acted with recklessness, maliciously and sadistically in retaliation to abused her authority to deny and interfere with the job assignment in the gymnasium knowing that it was for plaintiff mental health and consistent with plaintiff treatment plan.

## Prayer For Relief

Wherefore, the Plaintiff request that this court grants the following relief:

1. Injunctive Relief, requiring the defendant to provide job assignment consistent with treatment plan.
2. Punitive Damages in the amount as proven by Jury Trial.
3. Cost of this action pursuant to 42 U.S.C. §§ 1988
4. Such other relief that the court deems to be appropriate and just.

March 13, 2022

Jose A. Jusino
Plaintiff