```
                         UNITED STATES DISTRICT COURT
                           DISTRICT OF CONNECTICUT

------------------------------X
                              :
JOSE JUSINO                   :   Civil No. 3:22CV00490(SALM)
                              :
v.                            :
                              :
KRISTINE BARONE               :   May 4, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Jose Jusino ("Jusino" or "plaintiff"), a sentenced inmate[1] at MacDougall-Walker Correctional Institution ("MacDougall"), brings this action pursuant to 42 U.S.C. §1983 against a single defendant, Warden Kristine Barone ("Warden Barone" or "defendant"). See Doc. #1. The Court construes the Complaint as asserting three claims against Warden Barone: (1) retaliation, in violation of the First Amendment, by denying plaintiff a job assignment; (2) retaliation, in violation of the First Amendment, by denying a

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Jusino was sentenced on April 8, 2013, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=320660 (last visited May 4, 2022).

1

grievance filed by plaintiff; and (3) deliberate indifference to serious mental health needs, in violation of the Eighth Amendment.[2]

## I. STANDARD OF REVIEW

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Section 1915A "applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation and quotation marks omitted).

A civil complaint must include sufficient facts to afford a defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

---

[2] Plaintiff mentions the Fourteenth Amendment in his Complaint, see Doc. #1 at 1, but makes no claim that appears to relate to a violation of his rights pursuant to the Fourteenth Amendment.

Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II.  DISCUSSION

As noted, the Court construes the Complaint as asserting: (1) a First Amendment retaliation claim based on Warden Barone's denial of plaintiff's request to work at the gymnasium; (2) a First Amendment retaliation claim based on Warden Barone's denial of plaintiff's grievance relating to that same job opportunity; and (3) an Eighth Amendment claim based on Warden Barone's deliberate indifference to plaintiff's mental health needs, again arising out of the denial of the gymnasium job. See generally Doc. #1. Plaintiff brings his claims against Warden

Barone "in her individual and official capacities." Id. at 2. As relief, plaintiff seeks "punitive damages" and "[i]njunctive relief, requiring the defendant to provide job assignment consistent with treatment plan." Id. at 6 (sic).

### A.     First Amendment Retaliation

"Courts properly approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official -- even those otherwise not rising to the level of a constitutional violation -- can be characterized as a constitutionally proscribed retaliatory act." Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (citation and quotation marks omitted). To plead a viable First Amendment retaliation claim, an inmate must plausibly allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against [him], and (3) that there was a causal connection between the protected speech and the adverse action." Brandon v. Kinter, 938 F.3d 21, 40 (2d Cir. 2019) (citation and quotation marks omitted).

Plaintiff alleges that he submitted a "declaration in the Reynolds v. Quiros case" that was "against" Warden Barone. Doc. #1 at 4. Warden Barone allegedly "denied [plaintiff] the opportunity for the job assignment in the gymnasium." Id. Plaintiff contends that Warden Barone "inform[ed] plaintiff that

4

her decision" to deny him the job assignment "was based on plaintiff declaration in the Reynolds v. Quiros case[,]" that is, it was based on his participation as a witness in a lawsuit against Warden Barone. Id. He further alleges that Warden Barone again retaliated against him by rejecting the grievance he filed related to that job assignment. See id. at 4-5.

At this stage, the Court will permit these two retaliation claims to proceed for further development against Warden Barone in her individual capacity for monetary damages, and in her official capacity for injunctive relief. This is without prejudice to the filing of a motion to dismiss, if appropriate.

**B.   Deliberate Indifference to Mental Health Needs**

"The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners, which includes needs for mental health care[.]" Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (citations and quotation marks omitted). However, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation and quotation marks omitted).

> A deliberate indifference claim has two elements. The first, which is objective, requires the inmate to show that he was actually deprived of adequate medical care by an official's failure to take reasonable measures in response to a sufficiently serious medical condition.

5

> The second element, which is subjective, requires the inmate to demonstrate that the official acted with a culpable state of mind of subjective recklessness, such that the official knew of and consciously disregarded an excessive risk to inmate health or safety.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations and quotation marks omitted).

Under the objective prong, an inmate must

> assert facts to demonstrate that his or her medical or mental health need is serious. Hill v. Curcione, 657 F.3d 116, 122–23 (2d Cir. 2011) (holding a serious medical need contemplates "a condition of urgency" such as "one that may produce death, degeneration, or extreme pain" (internal quotation marks and citation omitted)). In determining whether a medical or mental health condition is serious, the Court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

Jones v. LPC Rodi, No. 3:19CV01866(VAB), 2021 WL 3269090, at *5 (D. Conn. July 30, 2021).

Under the subjective prong, a defendant "must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009). To violate the Eighth Amendment, "the conduct complained of must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

6

As to the objective requirement, plaintiff alleges that he "has been diagnosed with multiple psychological disorders/conditions which compromise his mental health, [including] but not limited to various neurocognitive disorder/abnormal brain development." Doc. #1 at 3. He makes no assertions regarding the seriousness of the conditions alleged, their impact on his functioning, or the treatment he receives. Even assuming, for the purposes of this review, that these conclusory statements would suffice under the objective prong, plaintiff has failed to allege facts sufficient to satisfy the subjective requirement.

Plaintiff alleges that Warden "Barone was provided with plaintiff mental health treatment plan and inform several times before her decision to denied the job assignment of the gymnasium that the purposes of the job was plaintiff mental health needs." Id. at 5 (sic). As a result, plaintiff contends that Warden "Barone was deliberate indifference to Plaintiff mental health when acted with recklessness, maliciously and sadistically in retaliation to abused her authority to deny and interfere with the job assignment in the gymnasium knowing that it was for plaintiff mental health and consistent with plaintiff treatment plan." Id. at 6 (sic).

It is not enough to allege that Warden Barone was aware that plaintiff was receiving mental health treatment, or even

7

that the job in the gymnasium was "consistent with [his] treatment plan." Id. Rather, the subjective requirement could be met only if Warden Barone was "actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of" the denial of plaintiff's request for a job in the gymnasium. Rivera v. Semple, No. 3:19CV00433(VAB), 2020 WL 2572743, at *5 (D. Conn. May 21, 2020). The Complaint does not allege that Warden Barone "recklessly disregarded an excessive risk that [plaintiff] would suffer serious harm, much less that he actually suffered such serious harm." Brown v. Faucher, No. 3:190CV00690(JAM), 2019 WL 5540983, at *5 (D. Conn. Oct. 28, 2019). Indeed, it is hard to see how plaintiff could plausibly allege that denying him a particular job assignment caused serious harm, or an excessive risk to his health and safety.

Thus, even assuming, arguendo, that the objective prong is met, the Complaint fails to allege facts sufficient to state a claim for deliberate indifference to serious medical needs. Accordingly, plaintiff's Eighth Amendment claim is **DISMISSED, without prejudice.**

III. **CONCLUSION**

For the foregoing reasons, the Court enters the following orders:

- The claim against Warden Barone for Eighth Amendment **deliberate indifference** to mental health needs is **DISMISSED, without prejudice.**
- The case may proceed to service on plaintiff's First Amendment **retaliation** claims against Warden Barone in her official capacity for injunctive relief, and in her individual capacity, for damages.

Plaintiff has two options as to how to proceed in response to this Initial Review Order:

**(1) If plaintiff wishes to proceed on the retaliation claims only, he may do so without further delay.** If plaintiff selects this option, he shall file a Notice on the docket on or before **May 25, 2022,** informing the Court that he elects to proceed with service as to the remaining claims against Warden Barone. Because plaintiff was not granted leave to proceed in forma pauperis and he has paid the filing fee, **the United States Marshal Service will not effect service**. Plaintiff is responsible for serving Warden Barone in both her official and individual capacities. Service must be made separately as to each capacity.

Regarding **individual capacity service**, the Federal Rules of Civil Procedure permit a party sued in her individual capacity to waive service. See Fed. R. Civ. P. 4(d). "The plaintiff may notify such a defendant that an action has been commenced and

9

request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). The request for waiver of service must adhere to certain requirements, outlined in Fed. R. Civ. P. 4(d)(1)(A)-(G). If plaintiff files a Notice informing the Court that he elects to proceed with service, the Court will then provide plaintiff with the necessary waiver of service forms. If Warden Barone fails to return a signed waiver of service of summons form, plaintiff must request a summons from the Clerk and arrange for in-person service on her in accordance with Rule 4 of the Federal Rules of Civil Procedure.

If Warden Barone does not waive service, plaintiff must serve the summons and complaint on her in her individual capacity. Plaintiff is advised that the relevant statute, Conn. Gen. Stat. §52-64(b) "does not authorize service through the Attorney General's office on an individual State employee in his or her individual capacity." Bogle-Assegai v. Connecticut, 470 F.3d 498, 507 (2d Cir. 2006). Connecticut law requires that a defendant sued in her individual capacity "be served by leaving a true and attested copy of [the summons and complaint] with the defendant, or at [her] usual place of abode, in this state." Conn. Gen. Stat. §52-57(a); see also Bogle-Assegai, 470 F.3d at 507-08. Plaintiff may use any legal method for service of process, such as a private process server.

Failure to obtain a timely signed waiver or to timely serve defendant in her individual capacity will result in the dismissal of this action as to the defendant in her individual capacity.

Regarding **official capacity service**, Warden Barone may not waive service in her official capacity; plaintiff must effect service on defendant in her official capacity. If plaintiff files a Notice informing the Court that he elects to proceed with service, the Court will then provide plaintiff with a summons for Warden Barone in her official capacity. Plaintiff may serve Warden Barone in her official capacity by having **a proper officer** "send[] one true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford." Conn. Gen. Stat. §52-64(b). Because plaintiff is not a "proper officer" as defined by the Connecticut General Statutes, see Conn. Gen. Stat. §52-50(a), "plaintiff's own mailing ... does not qualify as proper service of process." Gooden v. Dep't of Corr., No. 3:09CV02063(RNC), 2010 WL 4974037, at *1 (D. Conn. Dec. 2, 2010). Plaintiff may use any legal method for service of process, such as a private process server. Failure to timely serve defendant in her official capacity will result in the

dismissal of this action as to the defendant in her official capacity.

The Complaint must be served within **ninety (90) days** of the date of this Order, that is, on or before **August 2, 2022**. A signed waiver of service or a return of service as to Warden Barone must be docketed on or before **August 16, 2022**. Failure to timely and properly effectuate service on Warden Barone in either her official or individual capacity will result in the dismissal of this action against in her that capacity.

*OR, IN THE ALTERNATIVE,*

**(2) If plaintiff wishes to attempt to replead his Eighth Amendment deliberate indifference claim against Warden Barone to state a viable claim, he may file an Amended Complaint on or before <u>May 25, 2022</u>**. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein. **If plaintiff elects to file an Amended Complaint, he shall not proceed with service as to the original Complaint.**

<u>**CHANGES OF ADDRESS**</u>: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result**

**in the dismissal of the case**. Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendant or defense counsel of his new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendant's counsel by regular mail.

It is so ordered this 4th day of May, 2022, at New Haven, Connecticut.

                                                     /s/
                                   HON. SARAH A. L. MERRIAM
                                   UNITED STATES DISTRICT JUDGE